# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 15, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

140735
140738

AUTO-OWNERS INSURANCE COMPANY,
       Plaintiff/
       Counter-Defendant/Appellee,

v

FERWERDA ENTERPRISES, INC., d/b/a
HOLIDAY INN EXPRESS LUDINGTON,
       Defendant/
       Counter-Plaintiff/Appellant,

and

DARYL BRONKEMA, Next Friend of
JACKSON THOMAS BRONKEMA,
CALEB ANDREW BRONKEMA and
SAVANNAH JOY BRONKEMA, and
DARYL BRONKEMA, Individually,
and MELISSA BRONKEMA,
       Defendants.
_____/

SC: 140735
COA: 277574
Mason CC: 05-000436-CZ

AUTO-OWNERS INSURANCE COMPANY,
       Plaintiff/
       Counter-Defendant/Appellee,

v

FERWERDA ENTERPRISES, INC., d/b/a
HOLIDAY INN EXPRESS LUDINGTON,
       Defendant/
       Counter-Plaintiff/Appellee,

and

DARYL BRONKEMA, Next Friend of
JACKSON THOMAS BRONKEMA,
CALEB ANDREW BRONKEMA and
SAVANNAH JOY BRONKEMA, and
DARYL BRONKEMA, Individually, and

SC: 140738
COA: 277574
Mason CC: 05-000436-CZ

MELISSA BRONKEMA,
                Defendants-Appellants.

_____/

On order of the Court, the applications for leave to appeal the January 28, 2010 judgment of the Court of Appeals are considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the portions of the Court of Appeals opinion on remand stating incorrectly that the plaintiff, Auto-Owners Insurance Company, "declined to defend . . . Holiday Inn in the suit brought by the Bronkemas," and that the "trial court found that Auto-Owners breached its contract because it was obligated to defend . . . Holiday Inn." In fact, Auto-Owners continued to defend Holiday Inn while it pursued a declaratory ruling in this case.

We REMAND this case to the Mason Circuit Court for clarification of the record on the issue whether the trial court found that Auto-Owners' claim was frivolous within the meaning of MCR 2.625(A)(2) and MCL 600.2591(3)(a)(i) through (iii). Although the trial court's ruling that the defendants were entitled to an attorney fee award, coupled with its obvious awareness of the American Rule and the requirements of MCR 2.625(A)(2), imply that the trial court found that the requirements of the court rule were satisfied, the record on this issue is unclear. On remand, the trial court shall clarify whether it found that Auto-Owners' claim satisfied the definition(s) of "frivolous" set forth in MCL 600.2591(3)(a)(ii) and/or (iii), as to its insured, defendant Ferwerda Enterprises, Inc. In clarifying its findings and rulings, the trial court shall refer specifically to, and base its findings and rulings specifically upon, the provisions of MCR 2.625(A)(2) and MCL 600.2591, and, in particular, on the definitions of "frivolous" contained in MCL 600.2591(3)(a)(i) through (iii). The trial court may allow further argument and briefing by the parties, and may conduct any further hearing it may deem necessary, but it shall file its clarification of the record, together with the transcript of any hearing, with the Clerk of this Court within 56 days of the date of this order.

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 15, 2010

_____
Clerk

p0708